IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | CRIMINAL ACTION 1:21-00047-KD |
| ) | |
| FRANK NASON, ) | |
|     Defendant. ) | |

**ORDER**

This action is before the Court on Defendant Frank Nason's Motion for Early Termination of his Supervised Release Term and Request for Appointment of Public Defender to represent him on the motion "at the hearing." (Doc. 3).

This case was transferred to this Court from the Northern District of California (NDCA). On December 21, 2000, Defendant Nason entered a guilty plea in the NDCA, pleading guilty to conspiracy to possess with intent to distribute controlled substances (Count One), intentional killing while engaged in a specific drug offense (Count Two), and accessory after the fact conspiracy (Count Five). (3:95-cr-00319-SI-12 (NCDA) (Doc. 982)). On June 1, 2001, Defendant Nason was sentenced to 300 months in the custody of the Bureau of Prisons (BOP) and 60 months of supervised release. (Id. (Doc. 1033, 1036)). On June 29, 2020, the NDCA granted Defendant Nason's motion for compassionate release, his sentence was modified to time served, and he was ordered to serve the remaining portion of his 300-month BOP imprisonment term as SRT as well as to complete the five (5) years of SRT. (Id. (Doc. 2000)). On April 13, 2021, Defendant Nason's case was transferred from the NDCAL to the SDAL. (Id. (Doc. 2021); Doc. 1 (SDAL)).

On July 25, 2023, Defendant Nason filed a motion for early termination of SRT (approximately 20 months prior to expiration of the full SRT term) and for appointment of a public defender to represent him on this motion "at the hearing." (Doc. 3). As grounds, Defendant Nason

1

asserts that he has satisfied the terms of imprisonment, satisfied the financial components of his sentence, was released to a halfway house in June 2020, was released from the halfway house in July 2020, has been on SRT for approximately 36 months without any incidents, and has been gainfully employed since his release (including being repeatedly promoted over three (3) years). (Id. at 1-2). Additionally, Defendant Nason attached five (5) letters in support of his motion, attesting to the person he is today. Moreover, Defendant Nason asserts that his past behavior may be relevant to the conditions of his SRT but not the length of his SRT, noting that he has minimal supervision presently (filing a monthly report over the internet). Further, per Defendant Nason, he has successfully completed 65% of his SRT as of July 25, 2023, worked hard to reintegrate himself post-release, poses no threat to society, and his rehabilitation is "nothing short of extraordinary."

Per the SDAL U.S. Probation Office, while Defendant Nason has technically been compliant with SRT, the seriousness of the violent conduct underlying his conviction supports denial of the motion. Thus, the Probation Office could not recommend that Defendant Nason's motion be granted. Likewise, the AUSA from the NDCAL opposes Defendant Nason's motion, also indicating that the underlying conduct related to his conviction was so egregious that he should serve his full SRT.

Pursuant to 18 U.S.C. § 3583(e)(1), after consideration of the relevant factors in 18 U.S.C. § 3553(a), the Court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). Relevant factors for the Court to consider include: "the nature and circumstances of the offense and the history and characteristics of the defendant;" "the need

for the sentence imposed…to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;" and "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a)(1), (a)(2)(A), and (a)(7).

Defendant Nason has completed more than one (1) year of SRT. As such, the Court considers the "nature and circumstances of the offense" and Defendant Nason's "history and characteristics" as well as the "need for the sentence imposed … to reflect the seriousness of the offense, to promote respect for the law … to provide just punishment; …to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(1), (a)(2)(A)-(C). After consideration of the foregoing factors, the Court finds that Defendant Nason's motion is due to be denied, to promote his respect for the law, provide just punishment for his offenses, deter him from criminal conduct, and protect the public from further crimes. Particularly, given the violent nature of the crime for which Defendant Nason was convicted, there is a need to protect the public from further crimes by the defendant, which supports completion of his full SRT. Moreover, Nason was granted compassionate release and ordered to serve the balance of his sentence on supervised release, i.e. and additional 60 months. Thus, early termination is not warranted, 18 U.S.C. § 3583(e)(1), and it is **ORDERED** that Defendant Nason's Motion for Early Termination of his Supervised Release Term (Doc. 3) is **DENIED.**

Further, Defendant Nason's motion presumed an evidentiary hearing would be scheduled on his motion (he sought appointment of counsel for same). Fed.R.Crim.P. Rule 32.1(c)(1) provides: "before modifying the conditions of probation or supervised release, the court must hold a hearing, at which the person has the right to counsel." However, a refusal to terminate SRT (a denial) does not constitute a modification. Thus, no evidentiary hearing is necessary. United States v. Burns, 858 Fed. Appx. 336 (11th Cir. 2021) ("[e]videntiary hearings are not required under §

3

3583(e)(1)[]"); <u>United States v. Reagan</u>, 162 Fed. Appx. 912, 913 (11th Cir. 2006) ("[a] refusal to terminate supervised release does not constitute a modification of the term of supervised release … the district court was not required to hold an evidentiary hearing before denying Reagan's motion[]"); <u>United States v. Smith</u>, 2010 WL 716495, *2 (M.D. Fla. Feb. 25, 2010) ("refusal to terminate supervised release does not constitute a modification of the term of supervised release, therefore the Court is not required to conduct an evidentiary hearing pursuant to Fed.R.Crim.P. 32.1(c). *Reagan*, 162 Fed. Appx. at 913[]").  Thus, Defendant Nason's request for appointment of counsel concerning the evidentiary hearing on his motion to terminate SRT is **DENIED.**

**DONE** and **ORDERED** this the **31st** day of **August 2023.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**